```
IN THE UNITED STATES DISTRICT COURT FOR THE
        EASTERN DISTRICT OF OKLAHOMA

ROSE A. PERMENTER,              )
                                )
            Plaintiff,          )
                                )
v.                              )    Case No. CIV-15-393-RAW-KEW
                                )
NANCY A. BERRYHILL, Acting      )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )
```

## REPORT AND RECOMMENDATION

Plaintiff Rose A. Permenter (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied.  <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on December 12, 1964 and was 49 years old at the time of the ALJ's decision.  Claimant completed her high school education.  Claimant has worked in the past as a parts assembler, and part time assister of handicapped children.  Claimant alleges an inability to work beginning November 20, 2010 due to limitations resulting from fibromyalgia, numbness in her legs and arms, leg swelling, osteoarthritis, bone spurs on her spine, memory loss, and

3

migraine headaches.

## Procedural History

On May 8, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On April 24, 2014, Administrative Law Judge Bernard Porter ("ALJ") conducted a hearing by video with Claimant appearing in Fort Smith, Arkansas and the ALJ presiding in McAlester, Oklahoma. On July 8, 2014, the ALJ issued an unfavorable decision. On August 27, 2015, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform her past relevant work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) making an improper RFC determination; and (2) reaching erroneous findings at

4

step four.

## RFC Assessment

In his decision, the ALJ determined Claimant suffered from the severe impairments of fibromyalgia, obesity, polyneuropathy, migraines, carpal tunnel syndrome, early osteoarthritis of the hips, gastroesophageal reflux disease, restless leg syndrome, mild osteoarthritis of the knees, and depressive disorder. (Tr. 23). The ALJ concluded that Claimant retained the RFC to perform her past relevant work as an assembler. (Tr.33). He also determined Claimant could perform light work except she could only have occasional use of foot and hand controls, frequent handling, fingering, and feeling, occasionally climb ramps or stairs but never ladders, ropes, or scaffolds, never crawl, no work around unprotected heights or moving, mechanical parts, and no work around temperature extremes. Claimant required a sit/stand option that allowed for change in position at least every 30 minutes lasting no longer than two to three minutes. Due to episodic symptomology and pain, Claimant would be off task up to five percent of the workday and would miss one day per month. Claimant was limited by the ALJ to simple tasks and work-related decisions with frequent interaction with supervisors, co-workers, and the public. (Tr. 27).

After consulting with a vocational expert, the ALJ concluded

Claimant could perform her past relevant work and that she could perform the representative jobs of inspector and hand packager, mail sorter, and routing clerk, all of which the ALJ concluded existed in sufficient numbers both regionally and nationally. (Tr. 34). As a result, the ALJ found Claimant was not disabled from November 20, 2010 through the date of the decision. (Tr. 35).

Claimant first contends the Appeals Council should have determined that the medical source statement from Dr. Judy Trent, a treating physician, which was submitted to it after the issuance of the ALJ's decision was entitled to controlling weight. She argues that the statement contains more restrictive limitations than the RFC found by the ALJ and should have altered the decision.

Dr. Trent completed a medical source statement which opined that Claimant was limited to 15 minutes sitting, five minutes standing, and 20 minutes walking at one time and a total of two hours sitting, 30 minutes standing, and 45 minutes walking in an eight hour workday. He would need breaks hourly and would need to alternate between sitting and standing at 15 minute intervals. He could occasionally lift/carry up to five pounds and rarely lift up to ten pounds. (Tr. 467-68). Claimant's lower extremities were found to be limited and her legs would need to be elevated when she was seated. She could occasionally push/pull but rarely work in an extended position, work above shoulder level, work overhead, and

6

reach. Claimant could use her hands for grasping and fingering/fine manipulation occasionally. She could never squat or crawl but rarely bend and stoop. (Tr. 468). Dr. Trent determined Claimant could rarely kneel and balance but never climb stairs, ladders, ramps, or scaffolds. She was markedly limited in her ability to be exposed to unprotected heights, dangerous moving machinery, handling vibrating tools, exposure to extreme temperature and humidity, exposure to respiratory irritants, driving/riding in automotive equipment, and exposure to high noise levels. (Tr. 469).

Dr. Trent also completed a Fibromyalgia Tender Point Survey which was submitted to the Appeals Council. It stated that Claimant's symptomatology had persisted for four years with tender points/pain in all four quadrants of her body. She also experienced fatigue, headaches, depression, temperature sensitivity, waking from sleep unrefreshed/poor sleep, and cognitive dysfunction. Dr. Trent found Claimant experienced 18 out of 18 tender points. (Tr. 470).

The regulations permit the submission of evidence to the Appeals Council if it is new, material, and related to the period on or before the date of the ALJ's decision. Chambers v. Barnhart, 389 F.3d 1139, 1142 (10th Cir. 2004). It is assumed that the evidence meets the criteria if the Appeals Council accepts the evidence. Krauser v. Astrue, 638 F.3d 1324, 1328 (10th Cir. 2011).

7

Whether evidence is "new, material and chronologically pertinent is a question of law subject to our *de novo* review." Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003).

Dr. Trent's report is both new - it was not before the ALJ when he made his decision - and material - the ALJ's decision might reasonably have been different if the new evidence had been before him when the decision was rendered. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996); Cagle v. Califano, 638 F.2d 219, 221 (10th Cir. 1981). The problem lies with the Appeals Council's conclusion that the evidence "does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 2). If accepted as correct and given controlling weight, Dr. Trent's opinion may well have altered the RFC in the case and the ultimate decision on disability. The case must be remanded for the ALJ to evaluate Dr. Trent's source statement, the weight it should be accorded, and the effect it may have upon the RFC.

Claimant also contends the ALJ did not properly evaluate her fibromyalgia condition. Consistently, Dr. William Cooper and Dr. Judy Trent came to the conclusion that Claimant demonstrated 18 of 18 tender points in the evaluation of her fibromyalgia. The ALJ also mistakenly found that Dr. Traci Carney found "no point tenderness" when she found 12 out of 18 tender points. (Tr. 382).

8

The regulations acknowledge fibromyalgia as a legitimate medical condition, noting that its diagnosis can be found through (1) a history of widespread pain; and (2) a finding of at least 11 of 18 tender points on physical examination. Soc. Sec. R. 12-2P. Claimant appears to have met the criteria on both fronts. The ALJ essentially found little to no functional limitation derived from this condition which is accommodated in the RFC.

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96–8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between

an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012). The ALJ failed to discuss the various symptoms and problems associated with fibromyalgia, such as pain and fatigue, which would likely affect Claimant's ability to engage in basic work activity.

Claimant also suggests as a part of his suggestion of RFC deficiencies that the ALJ's credibility analysis was flawed. Since the ALJ's decision in this matter, the Social Security Administration has revised its rulings on evaluating statements related to the intensity, persistence, and limiting effects of symptoms in disability claims - what heretofore has been known as "credibility" assessments. Soc. Sec. R. 16-3p, 2106 WL 1119029 (March 16, 2016), superceding Soc. Sec. R. 96-7p, 1996 WL 374186 (July 2, 1996). On remand, the ALJ shall apply the new guidelines under Soc. Sec. R. 16-3p in evaluating Claimant's testimony regarding "subjective symptoms".

**Step Four Analysis**

Claimant contends the ALJ's step four analysis was in error. In analyzing Claimant's ability to engage in her past work, the ALJ must assess three phases. In the first phase, the ALJ must first

determine the claimant's RFC.  <u>Winfrey v. Chater</u>, 92 F.3d 1017, 1023 (10th Cir. 1996).  This Court has determined that the ALJ's RFC must be reassessed.

In the second phase, the ALJ must determine the demands of the claimant's past relevant work.  <u>Id</u>.  In making this determination, the ALJ may rely upon the testimony of the vocational expert. <u>Doyal v. Barnhart</u>, 331 F.3d 758, 761 (10th Cir. 2003).  The ALJ in this case posed a hypothetical which the vocational expert identified as being met by the demands of Claimant's past relevant work as an assembler.  (Tr. 74-75).

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one.  <u>Winfrey</u>, 92 F.3d at 1023.  Until the RFC has been reassessed and re-examined, this third phase remains unanswerable at this time.  On remand, the ALJ shall reconsider his step four findings.  Additionally, Claimant's step five alternative findings shall be reassessed as well as the hypothetical questions posed to the vocational expert.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above

and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE